## IN RE JACOBSON'S WILL.

### (184 N. W. 237.)

(File No. 4891.   Opinion filed August 31, 1921.)

1. Wills—Contest for Incompetency—Evidence Re Mental Soundness Sufficient—County Court Order Re Incompetency and Guardianship as Remaining Question.  ✦

The evidence—other than a county court order dated some six years prior to execution of the will in question—fully supporting trial court's findings of testatrix's mental soundness and mental and physical competency, the only remaining question is upon effect of said order.

2. Same—Guardianship Order Finding Physical and Mental Inabil-

ity "to Guard Her Own· Affairs"—Restoration of Capacity,
Burden of Proof Re on Will Probate, Raises What Questions.

An order appointing a guardian of decedent and reciting
that she was "unable because of physical and mental feeble-
ness to guard her own affairs," considered in the light of Sec.
88, Code 1919, providing that after his incapacity has been
judicially determined a person of unsound mind can make no
conveyance * * "but if actually restored to capacity, he may
make a will, though his restoration is not thus determined;"
and held, that appellant's contention that burden of proof was
upon proponents to show that deceased at time of executing
will was "actually restored to capacity," and that evidence
fails to show she was mentally any stronger when will was
made than at time guardian was appointed, presents the ques-
tion whether an adjudication that one was "unable because of
physical and mental feebleness to guard his own affairs," was
a determination of "incapacity" under said statute, and also
the question—provided it must be assumed such finding was
one of incapacity under the statute—as to whether evidence
was sufficient to overcome presumption that one who was
mentally incapable when over 80 years of age would remain
so for life.

3.  Judgments—Order Appointing Guardian Re Incompetent, No
    Petition, Effect Re Jurisdiction—Statute—Non-due Process.

Under Sec. 3505, Code 1919, providing that upon· represen-
tation by verified petition of a relative, etc., that any person
is. for any cause mentally incompetent to manage his property,
judge must cause notice to be given to supposed incompetent
of time and place of hearing, etc., filing of petition and giving
of notice are necessary to acquisition of jurisdiction by court;
an order without jurisdiction being a nullity and not due pro-
cess of law, and all officers, etc., are compelled to disregard it.

4.  Same—Collateral Attack—Non-jurisdiction, Judgment Attackable
    Wherever Drawn in Question—Lack of Records.

It is settled law that decision of court not having jurisdiction,
being void, is attackable in any proceeding in which one seeks
to assert a right under such pretended adjudication, and in any
suit in which its validity is drawn in· question.

5.  Same—Collateral Attack—Order Appointing Guardian, Partial
    Statement in Record, Presumption Re Order Concerning Peti-
    tion, Notice—Clerk's Testimony Re Record, ·Competency.

Where an order appointing a guardian, is not set out in full
in appeal record, every presumption in favor of trial court's
ruling must be indulged in; no question here arising whether
recital of jurisdictional facts in a judgment can be questioned
by parol; but in absence of copy of order, ·Court will assume
there were no recitals therein as to filing of petition and giving

of notice (Sec. 3505, Code 1919;) and there being at best but mere presumption unsupported by record proof that court acquired jurisdiction, while there was sufficient record evidence to warrant trial judge in finding that no petition was filed; such evidence—being clerk's testimony that no petition was filed—was competent.

Appeal from Circuit Court, Marshall County. Hon. RAYMOND L. DILLMAN, Acting Judge.

In the Matter of the Contest of the last Will and Testament of Carrie Jacobson, also known as Carrie Viken, deceased, Carl J. Mohn, Executor of the will, petitioned in the county court for probate thereof, Anna Chapin, devisee and legatee thereunder, joining with petitioner as proponents thereof; John Viken, Carrie Viken, Anna Jorgenson, Iver Viken, Ole Smestad, Rose Smestad, Alfred Smestad, Benjamin Smestad, Lena Smestad, Oscar Smestad, Mary Swanson, Oline Lien, John Paulson, Mary Swanson, Jacob Paulson, Amund Paulson, Mary Slotten, Caroline Aune and Rounog Nyseth, heirs at law of decedent, contesting same. The will having been admitted to probate, contestants appealed to the circuit court; the latter court having admitted the will to probate; from which judgment and from an order denying a new trial, contestants appeal. Affirmed.

*Van Slyke & Agor,* for Appellants.

*M. J. Staven,* and *Gardner & Jones,* for Respondent.

(4) To point four of the opinion, Appellants cited: Crosby v. Brewer, (Okla.) 158 Pac. 389; Blackman v. Mulha, 19 S. D. 534.

Respondents cited: McGee v. Hays (Cal.) 59 Pac. 767.

(5) To point five, Respondents cited: Schouler on Wills, Par. 81; Rice v. Rice (Mich.) 15 N. W. 546.

WHITING, J. One Carrie Jacobson died testate. Upon the offer of her will for probate, a contest was interposed. The county court admitted the will to probate, and contestants appealed to the circuit court, wherein a new trial was had. That court also admitted the will to probate, and from its judgment and order denying a new trial this appeal was taken.

The only objection to the probate of the will that is relied upon on this appeal is based upon the alleged testamentary incompetency of deceased.

[1] Were it not for a certain order of county court of this

state, dated some six years prior to the execution of this will and in which a guardian for the person and property of testatrix was appointed, there would be little for our consideration, as the evidence—ohter than such order—fully supported the finding of the court that "testatrix was of sound mind and was mentally and physically competent to make and execute her last will and testament."

The order appointing a guardian was made when testatrix was over 80 years old, and recited that she was "unable, because of physical and mental feebleness, to guard her own affairs." Section 88, R. C. 1919, provides:

"After his incapacity has been judicially determined, a person of unsound mind can make no conveyance. * * * But if actually restored to capacity, he may make a will, though his restoration is not thus determined."

[2] Appellants contend that, under the above statute, the burden was upon proponents to show that deceased, at time of executing the will, was "actually restored to capacity," and also contend that the evidence is not sufficient to show that she was mentally any stronger when the will was made than at the time the guardian was appointed. This contention of appellants presents the question of whether an adjudication that one was "unable because of physical and mental feebleness to guard his own affairs" was a determination of "incapacity" under said section 88, and also the question—provided it must be assumed that such finding was one of incapacity under said section 88—as to whether the evidence was sufficient to overcome the presumption that one who was mentally incapable when over 80 years of age would remain so during the remainder of her life.

The trial court, over the objection that it was a collateral attack on the order of a court made in another proceeding, allowed proponent to show by the clerk of courts that there was no record showing that any petition for appointment of guardian ever had been filed in the proceeding wherein the above mentioned order was made. Proponent contends that: (a) If there was no proper petition, the order appointing a guardian was made without jurisdiction and was an absolute nullity; (b) that he had a right to attack such judgment in this proceeding; and (c) that, in support of such attack, he had a right to prove want of such petition.

The statute under which a guardian for an incompetent could be appointed when this order was made is now section 3505, R. C. 1919, which provides:

"When it is represented to any county court, upon verified petition of any relative or friend. that any person is * * * from any cause mentally incompetent to manage his property, the judge must cause notice to be given to the supposed * * * incompetent person of the time and place of hearing such petition, * * * and such person, if able to attend, must be produced before him on the hearing."

[3] It is only through the filing of the petition and the giving of the notice that the court can acquire jurisdiction in the particular matter. That an order made without jurisdiction is in fact a nullity is beyond question.

"Unless jurisdiction exist, the judgment is not due process of law." 15 R. C. L. 842.

And, as stated in Van Fleet on Collateral Attack, § 16:

"The oath of all officers, executive, legislative, and judicial, compels them to disregard it." ·

[4] It is also the settled law that the decision of a court not having jurisdiction, being void, may be attacked in any proceeding in which a person seeks to assert a right under such pretended adjudication; it may be attacked in any suit in which its validity is drawn in question. 15 R. C. L. 843.

[5] But there is much conflict in the authorities as to the right, on such an attack, to introduce record or other proof, outside of the judgment itself, to establish the lack of jurisdiction of a court of general jurisdiction. It is not necessary for us to go as deeply into this subject as we might otherwise be required to do, owing to the condition of the record before us. The order appointing the guardian is not set out in full in the record. Every presumption in favor of the ruling of the trial court must be indulged in. We are not called upon to decide whether a recitation of jurisdictional facts contained in a judgment can be questioned by parol. The appellant not having furnished us with a copy of such order, we will assume that it contains no recitals as to the filing of a petition and the giving of a notice. There was therefore, at best, the mere presumption, unsupported by any

record proof, that the court acquired jurisdiction to make the order.

Upon the other hand, there was evidence, negative in its nature, but based upon the records, or rather lack of records, sufficient to warrant the trial judge in finding as a fact, and we must presume he did find, that no petition was ever filed. Such evidence was competent and was properly received. Mastin v. Gray, 19 Kan. 458, 27 Am. Rep. 149.

We have considered all the assignments of error, and find none not discussed herein that presents anything which, if error, should affect the decision of the trial court.

The order and judgment appealed from are affirmed.